UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMARK MARINE TOWING, LLC,

     Plaintiff,

v.

RALPH MOLINARO et al.,

     Defendants.

Case No. 23-12293
Honorable Laurie J. Michelson

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR RECONSIDERATION [52]**

---

On February 7, 2025, the Court held a hearing on the parties' cross motions to exclude expert testimony. Both motions were denied, but the Court imposed other sanctions on Defendants for their late-disclosed expert. (ECF No. 51.) The Court ordered Defendants to pay Plaintiff's "expert and attorney's fees incurred for . . . (1) filing the motion in limine and reply brief to exclude Captain Lowe's testimony, (2) preparing for and deposing Captain Lowe, (3) preparing any rebuttal report by Jeffrey Pidcock, and (4) if necessary, revising the motion for summary judgment and reply brief." (*Id.* at PageID.1902.) And the Court set deadlines for the deposition, reports, and revised summary judgment briefing. (*Id.*)

After the hearing, Defendants filed a timely motion for reconsideration based on new evidence. (ECF No. 52.) That new evidence was that they decided to withdraw Captain Lowe as an expert. (*Id.*) As a result, Defendants ask the Court to "vacate these deadlines and related sanctions [as moot] and proceed with Plaintiff's fully

briefed motion for summary judgment." (ECF No. 52, PageID.1906.) Damark agrees that "if Defendants will not offer testimony of Captain Lowe then Plaintiff's Motion for Summary Judgment is ripe for decision." (ECF No. 54, PageID.1913.) It is equally clear that with Captain Lowe withdrawn as an expert, there is no need to depose him and no need for Plaintiff's expert to prepare a rebuttal report. Thus, Defendants are correct that the last three categories of sanctions—"preparing for and deposing Captain Lowe," "preparing any rebuttal report by Jeffrey Pidcock," and "revising the motion for summary judgment and reply brief" (ECF No. 51, PageID.1902)—are moot. In other words, Plaintiff will no longer incur any expense for these now unnecessary tasks. The Court will, as requested by the parties, simply rule on the motion as currently briefed and will vacate the deadlines for these other events.

But Damark is still entitled to sanctions for the first category—the costs incurred in filing the motion in limine and reply brief to exclude Captain Lowe's testimony. (ECF No. 54, PageID.1913.) Defendants make no mention of these sanctions and there is no basis to find them moot. (*See* ECF No. 52.)

In its response to the motion for reconsideration, Damark seeks to recover attorney's fees incurred in appearing for argument on the motion in limine and responding to this motion for reconsideration (ECF No. 54, PageID.1913.) But these were not included in the Court's original order of sanctions and the Court is not expanding its ruling, especially when only the Defendants have filed a motion for reconsideration.

Accordingly, Defendants' motion for reconsideration is GRANTED IN PART, such that the last three categories of sanctions imposed in the Court's order—that is, attorney's and expert fees incurred in preparing for and deposing Captain Lowe, preparing any rebuttal report by Jeffrey Pidcock, and revising the motion for summary judgment and reply brief in support—are no longer required, and the deadlines for deposing Captain Lowe, providing a rebuttal report for Captain Pidcock, and amending summary judgment briefing are vacated. The Court will decide the motion for summary judgment (ECF No. 45) as currently briefed. But Defendants' motion for reconsideration is DENIED IN PART to the extent it seeks to vacate the first category of sanctions. Defendants will still be required to pay Damark's attorney's fees incurred in filing the motion in limine and reply brief to exclude Captain Lowe's testimony. The Court trusts that these fees will be reasonable. These fees shall be paid within 14 days of receiving an itemized invoice from Damark's counsel. Failure to make timely payment or any unreasonable withholding of payment will result in the imposition of additional sanctions.

SO ORDERED.

Dated: March 6, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE